1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

                            Petitioner,

      v.

STEPHEN SINCLAIR, *et al*.,

                            Respondents.

Case No. C19-0735-JLR-MAT

REPORT AND RECOMMENDATION

Petitioner Allah is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington.  He has submitted to the Court for filing a pleading which he identifies as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (*See* Dkt. 4-1.) Petitioner asserts in his petition that he is being illegally confined pursuant to King County Superior Court criminal judgments entered in case numbers 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09716-6 SEA, and 02-1-02047-6 SEA.  (*See id*. at 2.)  He requests, among other things, that the Court order his immediate release from confinement.[1]  (*See id*. at 3.)

---

[1] While petitioner identified his petition as one filed under 28 U.S.C. § 2241, the Ninth Circuit has held that 28 U.S.C. § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004) (overruled on other grounds by *Hayward v. Marshall*, 603

REPORT AND RECOMMENDATION
PAGE - 1

Petitioner is a frequent litigant in this Court who has repeatedly attempted to challenge his state court judgments. *See Allah v. State of Washington*, C02-292 JCC (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Waddington*, C05-434-RSL (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Brunson*, C05-1480-MJP; (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Frakes*, C12-484-TSZ (challenging 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Washington State Supreme Court*, C17-458-RSM (challenging 02-1-02047-6 SEA); *see also Allah v. Robinson*, C14-1234-TSZ; *Allah v. Holbrook*, C16-535-RSL.  Petitioner's previous challenges have all been rejected.

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.  The Court has reviewed the habeas petition and concludes petitioner is not entitled to relief because it is barred by the statute of limitations.

As noted above, this is not the first time the Court has addressed habeas corpus petitions that petitioner has filed.  Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

---

F.3d 546, 552–54 (9th Cir.2010) (en banc)).  Petitioner's petition is therefore properly construed as a petition for writ of habeas corpus brought pursuant to § 2254.

REPORT AND RECOMMENDATION
PAGE - 2

This Court's records clearly establish that petitioner's state convictions have been final for more than one year as he has filed numerous challenges to his state convictions beginning in 2002. Petitioner is not entitled to equitable tolling because there is no reason he could not have presented the grounds for relief he currently pleads earlier. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (to obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time.). Accordingly, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed as untimely under 28 U.S.C. § 2244(d).

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

REPORT AND RECOMMENDATION
PAGE - 3

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 9, 2019**.

DATED this 18th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4